**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEX MEDIA BRE LLC, and** | § | |
| **DEX ONE SERVICE, INC.** | § | |
|     *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **DOMAINS BY PROXY, LLC, and** | § | |
| **JOHN DOE I,** | § | |
|     *Defendants*. | § | |

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMPLAINT FOR TRADEMARK**
**INFRINGEMENT AND CYBERSQUATTING**

      Plaintiffs DEX MEDIA BRE LLC ("Dex Media") and DEX ONE SERVICE, INC. ("Dex One") (collectively "Plaintiffs") file this Complaint alleging trademark infringement and cybersquatting in connection with the registration and use of the domain name <www.dexcomonline.com> and the website maintained on the Internet at that address.

**JURISDICTION AND VENUE**

      1.     This action arises under the trademark laws of the United States and, in particular, under the sections of the Lanham Act providing causes of action for trademark infringement, 15 U.S.C. §§ 1114, 1125(a), and for cybersquatting 15 U.S.C. § 1125(d)(2)(A).

      2.     Jurisdiction is conferred on this Court by 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) because this claim arises under the Federal Trademark Act 15 U.S.C. §1052 *et seq.*

      3.     This Court has jurisdiction over the defendant Domains By Proxy, LLC because defendant is doing business in Texas and its contacts with Texas are sufficient in terms of quantity and quality to meet the test of constitutional due process.

4.      This Court has jurisdiction over the defendant John Doe I because defendant is doing business in Texas and its contacts with Texas are sufficient in terms of quantity and quality to meet the test of constitutional due process.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(2) and (3).

## PARTIES

6.      Plaintiff Dex Media is a Delaware limited liability company having its principal place of business at 2200 West Airfield Drive, DFW Airport, Texas 75261.

7.      Plaintiff Dex One is a Delaware corporation having its principal place of business at 2200 West Airfield Drive, DFW Airport, Texas 75261.  Dex One is a related company of Dex Media.

8.      Defendant Domains By Proxy, LLC is a Delaware limited liability company, with an address at 1209 Orange Street, Wilmington, DE 19801.  Defendant is the registered owner of the domain name <www.dexcomonline.com> (the "Domain Name").  The Network Solutions WhoIs Database states that the Domain Name was created on February 20, 2014 and identifies the registrant of the domain name as Domains By Proxy, LLC of 14747 N. Northsight Blvd., Suite 111, Scottsdale, AZ 85260.  The Registrar of the Domain Name is Godaddy.com LLC.  See page of WhoIs Database attached as Exhibit A hereto.

9.      Defendant John Doe I is the person on whose behalf Domains By Proxy, LLC has registered the Domain Name.  At this time, Plaintiff does not know the identity of John Doe I. When the identity is known, Plaintiff will amend this Complaint to identify that person.

## BACKGROUND FACTS

10.     Dex One is a media company that manages and delivers print, digital publishing, and advertising services on multiple platforms including yellow pages, white pages, online

directory search services and social media sites.  Dex One also provides website design and

hosting services, search engine optimization services, direct mail and directory and information

services for wireless subscribers.  The mark DEX and a plurality of other marks incorporating

DEX have been used by Dex One and its predecessors continuously since 1970.

11.     Dex Media is an entity that owns certain intellectual property rights, including

trademarks, used by Dex One.

12.     Dex Media owns the following federal trademark registrations of marks

consisting of or including the word DEX (the "DEX Trademarks"):

| Registration No. | Date of Registration | Mark | Classes |
|---|---|---|---|
| 2,561,784 | 4/16/2002 | DEX | 16 |
| 3,048,735 | 1/24/2006 | DEX | 35 |
| 3,268,025 | 7/24/2007 | DEX | 35, 41, 42 |
| 3,467,731 | 7/15/2008 | DEX | 9, 16 |
| 3,560,019 | 1/13/2009 | DEX | 35 |
| 3,868,191 | 10/26/2010 | DEX | 9, 35, 39, 42 |
| 3,466,560 | 7/15/2008 | DEX | 16, 35, 41, 42 |
| 3,560,017 | 1/13/2009 | DEX | 35 |
| 3,880,622 | 11/23/2010 | dex | 9, 16, 35, 41 |
| 4,329,037 | 4/30/2013 | DEX DIGITAL | 35, 41, 42 |
| 3,023,021 | 12/6/2005 | DEX KNOWS | 35 |
| 3,540,936 | 12/2/2008 | DEX KNOWS | 16, 35, 41, 42 |
| 3,868,190 | 10/26/2010 | DEX KNOWS | 9, 35, 39, 42 |

| Registration No. | Date of Registration | Mark | Classes |
|---|---|---|---|
| 3,877,571 | 11/16/2010 | dexknows | 35, 42 |
| 85/962,848 | 6/18/2013 | DEX MEDIA | 35, 42 |
| 3,877,824 | 11/16/2010 | DEX NET | 35 |

13.     Federal Registration Nos.  2,561,784, 3,048,735, 3,268,025 and 3,023,021 are now incontestable pursuant to Section 15 of the Federal Trademark Act (15 U.S.C. § 1065) and, pursuant to Section 33(b) of the Act (15 U.S.C. § 1115(b)), are conclusive evidence of Dex's exclusive right to use the registered marks in commerce.

14.     Dex One maintains a number of websites that are accessed by the domain names <www.dexmedia.com> and <www.dexknows.com> and which provide searchable directories of businesses.

15.     Long after Dex One and its predecessors had established rights in the trademark DEX for, *inter alia*, online directory services, the Domain Name <www.dexcomonline.com> was registered and a website purportedly offering search engine optimization services and web development was established.  Exhibit B to this Complaint shows pages of the website at <http://www.dexcomonline.com> as of July 11, 2014.  This website and the services offered on the website are available throughout the United States, including to residents of Texas.

16.     The Domain Name is registered to Defendant Domain Names By Proxy, LLC. On information and belief, Domains By Proxy, LLC holds the Domain Name registered on behalf of its client, John Doe I.

17.     On information and belief, Dex One's customers have received telephone calls from an unknown individual advising them to go to the website at http://www.dexcomonline.com

and use the payment feature on the site, see Exhibit B, page 10, to pay accounts owed to Dex One, or its affiliated companies.

18.     The Domain Name is confusingly similar to Dex Media's protected marks listed in paragraph 8 hereof.  Use of the Domain Name <www.dexcomonline.com> and of the mark DEX on the website constitutes infringement of Dex Media's federally registered trademarks under 15 U.S.C. § 1114 and use of false designations of origin under 15 U.S.C. § 1125(a).

**COUNT I**
**INFRINGEMENT OF TRADEMARK REGISTRATION**
**15 U.S.C. § 1114**

19.     Defendant John Doe I is using in commerce a reproduction, counterfeit or colorable imitation of Dex Media's trademark DEX, which is the subject of the Registrations listed in Section 8 above, in connection with the sale, offering for sale, distribution, and advertising of goods and services on, or in connection with which, such use is likely to cause confusion, or to cause mistake, or to deceive.

20.     Dex Media's rights in its trademark DEX were established before Defendant John Doe I's first use of the trademark DEX.

21.     Defendant John Doe I's use of the trademark DEX is without the consent of Dex Media and constitutes infringement under 15 U.S.C. § 1114 of Dex Media's registered trademarks.

22.     Defendant John Doe I's infringement of Dex Media's registered trademarks is causing irreparable harm to Dex Media and to Dex One, which will continue unless Defendant John Doe I is enjoined by this Court.

## COUNT II
## UNFAIR COMPETITION BY USE OF
## FALSE AND MISLEADING REPRESENTATION
## 15 U.S.C. § 1125(a)(1)(A)

23.     Dex Media, by virtue of the substantial and continuous use of its mark DEX by related companies, including Dex One, has trademark rights in that term.

24.     Dex Media's rights in DEX were established before Defendants' first use of DEX as a trademark and before the registration of the Domain Name.

25.     Defendant John Doe I's use of the mark DEX constitutes use in commerce, in connection with Defendant John Doe I's services, of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant John Doe I with Dex Media and Dex One, or as to the origin, sponsorship, or approval of Defendant John Doe I's services by Dex Media and Dex One.

26.     Defendant John Doe I's use of DEX is likely to cause confusion among the relevant purchasing public.  This confusion constitutes irreparable harm to Dex Media and Dex One, which will continue unless Defendant John Doe I is enjoined by this Court.

## COUNT III
## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)

27.     Plaintiffs repeat and incorporate each and every allegation in paragraphs 1 through 26, as if fully stated herein.

28.     The DEX Trademarks are, and were at the time the Domain Name was registered, distinctive and protected as trademarks, as evidenced by the U.S. trademark registrations identified in paragraph 8 above.

29.     Use of the Domain Name violates Dex Media's right as owner of the Trademark Registrations identified in paragraph 8 above and its rights under 15 U.S.C. § 1125(a).

30.     The registrant of the Domain Name had, and continues to have, a bad faith intent to profit from the DEX Trademarks.  Defendant Domains By Proxy, LLC registered and Defendant John Doe I is using in commerce, the domain name <www.dexcomonline.com> which is identical or confusingly similar to the protected DEX Trademarks in connection with the distribution and advertising of online search engine optimization and web development services.

31.     The above actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

(1)     that this Court preliminarily and permanently enjoin Defendants, Domains By Proxy, LLC and John Doe I, their parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendants:

(a)     from using the name and trademark DEX, or any other name or trademark confusingly similar to DEX, or any copy or colorable imitation of DEX, in connection with the sale, advertising or promotion of any goods or services;

(b)     from using the name and trademark DEX or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Dex Media or Dex One, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Dex Media or Dex One.

(c)     from using or registering any domain name containing the letter combination DEX.

(2)     that the registration and use of the domain name <www.dexcomonline.com>
violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A).

(3)     that the domain name registrar, domain name registry or other domain name
authority of the domain name <www.dexcomonline.com> be ordered to transfer the domain
name <www.dexcomonline.com> to Dex Media.

(4)     that the Defendant John Doe I be ordered to deliver up for destruction any and all
labels, signs, prints, packages, wrappers, receptacles, computer files, and advertising in its
possession bearing or including the DEX name and trademark;

(5)     that in any injunction the Court direct Defendant John Doe I to file with this Court
and serve on Plaintiffs, within thirty (30) days after the service on Defendant John Doe I of the
injunction, a report in writing under oath setting forth in detail the manner and form in which
Defendant John Doe I has complied with the injunction;

(6)     that Plaintiffs recover any damages sustained and the costs of this action, pursuant
to 15 U.S.C. § 1117(a);

(7)     that Plaintiffs recover Defendant John Doe I's profits resulting from its acts of
infringement in order to redress Defendant's unjust enrichment and to deter its infringement of
the DEX mark.  15 U.S.C. § 1117(a);

(8)     that any damages awarded be tripled and any profits awarded be increased to the
amount this Court finds just.  15 U.S.C. § 1117(a);

(9)     that Plaintiffs recover their attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(10)     that Plaintiffs recover three times Defendant John Doe I's profits, or three times
Plaintiffs' damages, whichever amount is greater, together with Plaintiffs' attorney's fees.  15
U.S.C. § 1117(b);

## JURY DEMAND

Plaintiffs hereby request a trial by jury of this action.


DATED: August 8, 2014

Respectfully submitted,

/s/ John M. Cone
John M. Cone
State Bar No. 04660100
jcone@hitchcockevert.com
Megan M. O'Laughlin
State Bar No. 24013263
molaughlin@hitchcockevert.com
HITCHCOCK EVERT LLP
750 N. St. Paul Street, Suite 1110
Dallas, Texas  75201
Telephone:  (214) 953-1111
Facsimile:  (214) 953-1121

ATTORNEYS FOR PLAINTIFFS
DEX MEDIA BRE LLC and
DEX ONE SERVICE, INC.